## SLOAN v. COOLBAUGH.

1. PARTIES. The wife is not a necessary party to a proceeding to enjoin the sale of property under a mortgage executed by her husband, with whom she joined for the purpose of releasing either her dower or homestead interest.

2. TENDER: INJUNCTION. An injunction should not be granted in a proceeding to cancel a sale of property under a mortgage, and restrain the purchaser from taking possession of or disposing of the same, when the petition does not allege a tender of the amount admitted to be due on the mortgage.

*Appeal from Jasper District Court.*

SATURDAY, NOVEMBER 5.

On the 16th June, 1856, Thomas M. Sloan with Sarah A., his wife, executed to Wm. F. Coolbaugh a mortgage deed on two lots in the town of Newton, in Jasper county, and on forty acres of land in the same county, to secure the payment of a promissory note to said Coolbaugh, in one year from that date, for the sum of fifteen hundred dollars. This note being still unpaid on the 21st July, 1857, a notice in the name of said Coolbaugh was served on the petitioner and his wife, that the land would be sold on the 25th August, 1857, for the payment of the same. The petitioner filed his bill and obtained an injunction, in vacation, to stay the sale, and removing the proceeding into the District Court.

The bill alleges that notice was published in the newspaper but two weeks, the first publication being on the 7th August, 1857; that the writ of injunction was placed in the hands of the sheriff, and was served on H. J. Skiff, the agent and attorney of Coolbaugh in the said foreclosure, on the morning of the day of the sale, and before the sale, enjoining the same, but that the said Skiff combining with Hull, the sheriff, and one Kellogg and Adamson, to cheat and defraud complainant of his said mortgaged premises, they advised and caused the sheriff to sell them notwithstanding the injunction, and he did proceed to sell them, although he then had the writ of injunction in his possession; that the said Adamson bid therefor the amount of $1,725, and afterward being aware that the sale was irregular and void, transferred his bid to the said Kellogg, without any writing therefor, and on the 27th the sheriff made a deed to Kellogg; and that the said transfer of his bid, and the making of the deed were at the instigation of said Skiff the attorney of Coolbaugh, in order to deprive complainant of his property for an inadequate consideration; and the petitioner avers that Kellogg and Adamson had knowledge of the issuance of the writ of injunction. He further charges that his true indebt-

edness to Coolbaugh, was the sum of $1,290, and that usurious interest was included in his note to the amount of two hundred and ten dollars, making it $1,500.

The petitioner filed an amended bill on the 9th August, 1858, in which he avers that no legal or sufficient notice was served on him or was published; that no notice was given that the sheriff would sell the premises under the mortgage, and none of the terms of the sale, but he admits that notice was given him that Coolbaugh would sell; he alleges that he is the head of a family, and that the lot 7, in block 10, in Newton, (one of the mortgaged lots,) was, at the giving of the mortgage, and ever since has been, his homestead, and that it was reasonably worth $3,500 when sold, and that the north half of lot 2, in block 16, (one of the lots mortgaged,) was worth $3,000; and the tract of land was worth $1,400, and that each of these is separate from the other parcels, and in no way connected with them. That one or both of the other parcels, without the homestead, was sufficient to pay his just debt, and that it was the duty of the said sheriff to offer to sell the other pieces first, and severally, before offering the homestead. He charges that Adamson refused to comply with his bid and pay the money, and that Kellogg paid no consideration either to Adamson for his bid, or to the sheriff for the land, and that Kellogg holds the title merely as trustee for Coolbaugh. He therefore prays that the sale and the deed to Kellogg may be set aside and held for naught, and that this cloud resting on his title may be removed.

The complainant makes Coolbaugh, Skiff, Adamson, Kellogg and Hull the sheriff, parties defendants, all of whom demur to the bill, assigning several causes, which are sufficiently shown in the opinion of the court. Both parties appeal.

*Wm. A. Seevers and S. A. Rice* in their argument for the complainant contended; 1, that the wife of complainant is

not a necessary party to this action; 2, that complainant was entitled to an injunction, although no tender of the amount admitted to be due has been made, citing Code of 1851, section 2082; 3, that the service of the injunction on Skiff the agent, and on the sheriff, was a sufficient service on Coolbaugh; 4, that a sale of the property without dividing it into parcels, is invalid, and should be set aside, citing 1 John. Ch. R. 502–508, 6 Ib. 411, 409, 4 Cranch 403–413, 8 John. 333, 18 Ib. 362, 3 Ib. 332, 344, 369, 17 Ib. 121, 2 Paige 339, Gilm. 435, 3 Dana 232, 5, that while inadequacy of price is not alone sufficient to set aside the sale, it will be considered when connected with other circumstances, citing 3 Monroe 276, 3 Littell 127, 11 Johns. 555, 7 Vesey 34, 10 Ib. 474; 6, the property not included in the homestead should have been sold first, Code 1249, Dickson et al v. Chose et al., 6 Iowa 19; that when lands are sold by virtue of a power the condition of the power must be substantially complied with, especially when such power is created by statute and not by contract, 3 Litt. 403, 2 Johns. Ch. 155, 5 Ib. 35, Hill on Trustees 478, 17 Vesey 454, 3 East. 110–439, 4th Kent. (5th ed.) 330, 3 Hill 366, 14 Mass. 497, 3 Conn. 396.

*James M. Ellwood and H. J. Skiff* for the respondents. No brief on file.

WOODWARD, J.—One of the causes of demurrer was, that Sarah A. Sloan, wife of the complainant, should have been made a party; and the court so held, sustaining the assignment, and it is from this alone that the petitioner appeals.

We do not perceive any reason for making the wife a party to this bill. She was not a party to the note, and united in the mortgage deed probably because it included the homestead, or it might be to release her dower. She seems to have no legal relation to the transaction other than to enable her husband to pledge the homestead. In *Helfenstein & Gore* v. *Cave*, 3 Iowa 287, where the wife applied to be made

a party, it was held that she need not be, and ought not to be made a party.

This was the only point upon which the court sustained the demurrer, and consequently the only one on which the complainant appeals.

The demurrer was overruled upon other causes and upon which the defendant appeals. The first of these causes was that the petitioner should pay or tender the amount which he admitted to be due before he could be entitled to an injunction.

It is a principal of equity jurisprudence and practice, that a party seeking the aid of equity and the interposition of its power, to entitle him to the relief sought, must place himself in a position to demand the relief. The common maxim is, that a party who asks equity must do equity. This view of the law was taken in the case of *Stringham*, administrator, v. *Brown et al.*, 7 Iowa 33, although the case is not placed expressly upon that ground. And this is the decided view of the majority of the court in the present case, and they hold that the petitioner since he admits a portion of the money to be due should have paid or tendered this sum, and should aver it before he could be entitled to an injunction.

But I am unable to divest myself of the doubts I have felt, arising not from the general principle, but from our statute relative to these summary sales and my view of its design. But it is needless to enter into these. The decision of the court in overruling the demurrer on the assignment is reversed. This objection stands before the other matters of complaint by the petitioner, and this conclusion obviates the necessity of inquiry into them.

The decree is reversed.