# IN THE COURT OF APPEALS OF IOWA

No. 19-1861
Filed February 5, 2020

**IN THE INTEREST OF C.N. and A.N.,**
**Minor Children,**

**S.N. Mother,**
　　Appellant.

_____

　　Appeal from the Iowa District Court for Calhoun County, Joseph McCarville,

District Associate Judge.

　　A mother appeals the termination of her parental rights.  **AFFIRMED.**

　　Fred Blake Perkins, Emmetsburg, for appellant mother.

　　Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

　　Martha Sibbel, Carroll, attorney and guardian ad litem for minor children.

　　Considered by Vaitheswaran, P.J., Mullins, J., and Gamble, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**GAMBLE, Senior Judge.**

A mother appeals from an order terminating her parental rights to two of her children, C.N. and A.N., pursuant to Iowa Code section 232.116(1)(e) and (f) (2019). We affirm.

**I. Scope and Standard of Review**

We review termination proceedings de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We use a three-step process to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). First, we determine whether a ground for termination under section 232.116(1) has been established. *See id.* at 472–73. If a ground for termination has been established, then we consider "whether the best-interest framework as laid out in section 232.116(2) supports the termination of parental rights." *Id.* at 473 (citation omitted). Then we consider "whether any exceptions in section 232.116(3) apply to preclude termination of parental rights." *Id.* (quoting *In re M.W.*, 876 N.W.2d 212, 220 (Iowa 2016)). Following our three-step process, "we consider any additional arguments raised by the appealing parent." *In re C.S.*, No. 19-1126, 2019 WL 6358447, at *2 (Iowa Ct. App. Nov. 27, 2019).

**II. Discussion**

**A. Statutory Grounds**

The juvenile court found multiple statutory grounds authorized termination of the mother's parental rights. When, as here, the juvenile court terminates on multiple statutory grounds, we may affirm on any ground. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). The mother claims there is insufficient evidence to terminate her parental rights under paragraphs (e) and (f). However, she merely

references paragraph (f) and does not provide any argument supporting her claim. Her passing reference to paragraph (f) "is insufficient for our review," and she has waived any challenge under paragraph (f). *See In re O.B.*, No. 18-1971, 2019 WL 1294456, at *2 (Iowa Ct. App. Mar. 20, 2019).

Moreover, even if the mother did not waive her challenge to paragraph (f), it is apparent the children could not be returned to the mother's care, satisfying paragraph (f).[1]  *See* Iowa Code § 232.116(1)(f).  The children were removed from the home after C.N. reported the mother's paramour sexually abused her.  The Iowa Department of Human Services (DHS) investigated the claim and deemed the incident founded.  Yet the mother refused to believe C.N.  DHS made clear the paramour would have to move out of the home before the children could be returned.  At the termination hearing, several providers testified they believed the paramour continued to live in the home despite the mother's claims otherwise.  We credit the providers' testimony and agree the children cannot return to the mother's home because the paramour continues to reside there.  *See In re C.A.*, No. 13-1987, 2014 WL 1234470, at *2 (Iowa Ct. App. Mar. 26, 2014) (collecting cases

---

[1] Section 232.116(1)(f) authorizes termination when:
> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Subparagraphs (1), (2), and (3) are met with respect to both children.  The mother challenged only subparagraph (4) at the termination hearing.

determining that children cannot be returned to parents that continue to deny their child's sexual abuse and continue to reside with the child's abuser). Moreover, the mother failed to progress toward reunification over the life of this case. She never progressed to unsupervised visits or trial home visits. Without this necessary progression, we cannot say the children could have returned to the mother's care.

We recognize, however, "[t]he State must show reasonable efforts as part of its ultimate proof the child[ren] cannot be safely returned to the care of a parent." *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). The mother claims DHS failed make reasonable efforts toward reunification because DHS placed C.N. with the maternal grandmother instead of with the maternal grandfather.[2] But challenges to the reasonable-efforts mandate must focus on services that would have led to reunification. *See In re M.G.*, No. 18-0650, 2018 WL 3912192, at *2 (Iowa Ct. App. Aug. 18, 2018). We cannot see how placement of C.N. with the maternal grandmother as opposed to the maternal grandfather negatively impacted reunification, which ultimately hinged on the paramour moving out of the mother's home and the mother recognizing the sexual abuse suffered by C.N. Accordingly, we conclude placement of C.N. with the maternal grandmother did not violate the reasonable-efforts mandate. *See id.* ("We conclude these services do not constitute reasonable efforts because the provision of these services are immaterial to the cause of removal—the physical abuse of the child.").

---

[2] The maternal grandparents were divorced, and both remarried. A.N. was placed with the maternal grandfather, so the mother's reasonable-efforts challenge is limited to C.N.

Because the mother's challenge to paragraph (f) is waived and otherwise satisfied, we find the first step in our review satisfied. *See P.L.*, 778 N.W.2d at 40; *In re D.R.*, No. 18-1116, 2018 WL 4361087, at *1 (Iowa Ct. App. Sept. 12, 2018); *In re S.F.*, No. 15-0490, 2015 WL 3626439, at *1 (Iowa Ct. App. June 10, 2015); *In re D.H.*, No. 13-1693, 2014 WL 250256, at *1 (Iowa Ct. Ap. Jan. 23, 2014).

### B. Best Interests

Next, we consider whether termination is in the children's best interests. In considering the best interests of children, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *P.L.*, 778 N.W.2d at 40 (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

Termination is in the children's best interests. Both children are doing well in their respective placements. Since removal, A.N. has appeared happier, better able to communicate, and more willing to interact with others and share her opinions. C.N.'s behavioral issues have decreased. She has progressed from a school for children with emotional or behavioral problems to the public school. Moreover, the respective grandparents are interested in adopting the children. *See* Iowa Code § 232.116(2)(b) (noting the juvenile court may consider a placement's willingness to permanently integrate the children into the family when making a best-interests determination). Termination would free the children for

adoption by their grandparents and provide them with a critical sense of permanency and security.

### C. Exceptions

We complete our three-step analysis by considering if section 232.116(3) should be applied to preclude termination. "[T]he parent resisting termination bears the burden to establish an exception to termination" under section 232.116(3). *A.S.*, 906 N.W.2d at 476. Even if the parent proves an exception, we are not required to apply the exception. *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014). We exercise our discretion, "based on the unique circumstances of each case and the best interests of the child," to determine whether the parent-child relationship should be saved. *Id.* (citation omitted).

The mother contends section 232.116(3)(a), which permits the court to forgo termination when "[a] relative has legal custody of the child[ren]," applies. But we find it does not because DHS has legal custody of the children not a relative. *See In re W.H.*, No. 19-1003, 2019 WL 4297924, at *1 (Iowa Ct. App. Sept. 11, 2019) (finding section 232.116(3)(a) does not apply when DHS has legal custody of the children and places them in the physical care of a relative).

The mother also argues section 232.116(3)(c) applies. Section 232.116(3)(c) permits the court to forgo termination when "[t]here is clear and convincing evidence that the termination would be detrimental to the child[ren] at the time due to the closeness of the parent-child relationship[s]." Certainly there is a bond between the mother and her children. For example, once C.N. appreciated she was removed from her mother due to her disclosure of the sexual abuse, she attempted to retract her claim so that she could return to the mother.

This desperate act demonstrates the parent-child bond drives the child to act in a manner adverse to her own safety, which she is not old enough to appreciate. We will not preserve the parent-child bond; instead we must step in to sever this bond for the children's safety.

**D. Additional Claims**

Finally, we address the mother's additional claims. First, she asks us to grant her additional time to work toward reunification. The juvenile court may defer termination for a period of six months if it is able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). On appeal and at the termination hearing, the mother could not identify any specific factor, condition, or expected behavioral change that would occur if she was granted additional time. Moreover, she has failed to progress toward reunification during the time already provided. Accordingly, we conclude the juvenile court was correct to decline to grant additional time to work toward reunification.

Second, the mother suggests a guardianship would be appropriate. But at the termination hearing the mother testified she did not think a guardianship would work. And the mother provides no support for her claim on appeal. "[A] guardianship is not a legally preferable alternative to termination." *In re B.T.*, 894 N.W.2d 28, 32 (Iowa Ct. App. 2017). We will not forgo termination and establish a guardianship absent some compelling reason, which the mother does not provide.

**III. Conclusion**

We affirm the juvenile court's decision terminating the mother's parental rights.

**AFFIRMED.**