Chase v. Abbott.

## CHASE v. ABBOTT.

1. **Mortgage: NEW NOTES.** A mortgage is not impaired or defeated by taking up the original note and executing a new one for the amount remaining due and unpaid. The mortgage remains valid so long as any portion of the debt remains unpaid.

2. **Homestead: RIGHT OF THE WIFE.** The right of the wife in the homestead owned by the husband before marriage, vests in the wife at the time of the marriage. It is of a higher character, and more in the nature of a vested interest or title than the dower right of the wife in the other real estate of the husband.

3. **Mortgage: PARTIES.** No interest in mortgaged property, though acquired subsequently to the execution of the mortgage (in the absence of a power of sale), can be divested or barred, without making the owner a party to the foreclosure proceeding.

4. **Homestead: MARRIAGE.** The right of the mortgagee of a homestead is not affected by the subsequent marriage of the mortgagor, but the wife of such a marriage cannot be ousted from the possession by any proceeding to which she is not a party.

5. —— **WIFE AS A PARTY.** While it is not essential in all cases to make the wife a party to a proceeding to foreclose a mortgage on the homestead, it is in all cases the safer practice, and is necessary when it is sought to bind her by the decree.

*Appeal from Blackhawk District Court.*

### FRIDAY, APRIL 6.

ON the 20th day of December, 1856, the plaintiff borrowed of the defendant a sum of money, and gave his note therefor. To secure the payment of the note, he executed to the defendant a deed for certain real estate, absolute on its face, and took from defendant a bond for reconveyance; upon payment of the note. At the time of this transaction, the plaintiff was a single man, and had never been married, but was living on the premises with an unmarried sister and brother, and claimed to be the head of the family, and to occupy said premises as a homestead.

On the 12th day of January, 1859, the plaintiff paid a

part of said note, which was taken up and canceled and a new note given for the amount due, after deducting the payment and usury embraced in the first note. In the spring of 1859, the plaintiff was married to his present wife, and has continued to live with her on the premises, as a homestead, ever since. In September, 1859, a suit having been theretofore commenced on the note, judgment was rendered thereon against Chase, in favor of Abbott, for $611. Execution was issued on this judgment, which was levied upon the said real estate, and on the 17th day of May, 1860, the same was struck off and sold to the defendant herein, for the amount due on the judgment, and a sheriff's deed was made to him therefor, on the 20th day of May, 1861.

In September, 1861, an action for the recovery of the said real estate was brought, by Abbott against Chase, and on the trial thereof, the only evidence introduced was the deed originally made by Chase to Abbott, at the time the bond for reconveyance was executed. Judgment was rendered for the plaintiff in that action. The plaintiff in this suit now claims that he was deceived and surprised by the plaintiff in that action by the introduction of the original deed instead of the sheriff's deed.

This suit is brought in equity to enjoin the issuance of execution on the last named judgment, claiming that the homestead rights of Chase, and especially of the wife, are paramount to the defendant's title, as well as that the judgment was obtained by deception and surprise.

The District Court rendered judgment, perpetually enjoining the issuance of execution on the judgment for the recovery of the property, and from any attempt to enforce the same, and adjudged the plaintiff to pay the costs. The defendant appeals.

*Bagg & Allen* for the appellant.

1. The conveyance was made while Abbott was a single man, and his subsequent marriage cannot invalidate it. *Parsons* v. *Livingston & Kinkead*, 11 Iowa, 105, is not in point.

2. The taking of a new note in renewal of the old one did not discharge the mortgage. *Packard* v. *Kingman et al.*, 11 Iowa, 219.

3. The homestead defense was set up by Chase in the action of right. A court of equity will not relieve against a mistake in pleading, or the conduct of a cause at law. 1 Eden Inj., 23.

4. Equity will not amend a judgment recovered at law. Rev., 1860, § 2621.

5. The plaintiff will not be permitted to set up a defense in chancery which he has neglected to interpose, and which he should have interposed, to an action at law involving the same subject matter. *Dalter* v. *Laue & Guye*, 13 Iowa, 538.

6. The case of *Larson* v. *Reynolds & Packard*, 13 Iowa, 579, is not in point in this case, for that decision is based upon the fact that the mortgage was void *ab initio*, because the wife did not join in the conveyance. Said case supports the position of the defendant in this case.

*J. B. Powers* and *B. W. Poor* for the appellee.

1. These premises were a homestead at the time of contracting the original debt from him to Abbott. *Parsons* v. *Livingston & Kinkead*, 11 Iowa, 105.

2. Chase being a married man, and living on the premises when the judgment on the second note was obtained, it continued the homestead; and Chase's wife could not be divested of her rights, nor could the mortgage be enforced as against the homestead without a foreclosure to which she was a party. *Larson* v. *Reynolds & Packard*, 13 Iowa, 579.

3. The execution of the new note and the judgment at law thereon waived the lien of the mortgage as against the homestead. The judgment at law was a lien only on the property not exempt from execution. *Redfield* v. *Hart*, 12 Iowa, 355.

4. This action is brought as much for the benefit of Chase's family as it is for Chase, and can well be maintained for the joint benefit of all by the husband alone, for the wife is not a necessary party to an action unless her husband neglects to make a defense for her, which she could make if a party. *Sloan* v. *Coolbaugh*, 10 Iowa, 31; *Larson* v. *Reynolds & Packard*, 13 Id, 580; 5 Cal., 504; 8 Id., 66; 2 Mich., 472.

5. Abbott, by claiming in the action of right title to the premises under the deed, which was in fact a mortgage, committed a fraud upon the rights of Chase, against which a court of equity will relieve.

6. Abbott, by claiming in the action of right upon the original deed, abandoned all claim under the sheriff's deed.

7. Courts of equity will restrain the enforcement of a mortgage as an absolute deed, notwithstanding a judgment in an action of right. *Dorsey* v. *Reese*, 14 B. M., 157.

8. The defendant claims that Chase's wife should have been made a party in this action; he makes no such claim in his answer, and we think the homestead defense can as well be made by the husband without her as with her. If she should have been made a party, and was a necessary party, it is the duty of the court to protect her interest, and order her to be brought in.

COLE, J. — The absolute deed and the bond for reconvey-ance, together, constituted a mortgage. If it be conceded
1. MORT-
GAGE: new
note. that at the time they were executed, the plaintiff was the head of the family, and occupying the premises as a homestead, such facts would not affect

the validity of the conveyance or mortgage. Rev., § 2279. Nor was the lien of the mortgage defeated or impaired by the partial payment and the taking up of the original note and executing a new note for the amount remaining due or unpaid. The mortgage lien remains while the debt is unsatisfied, and a change. of the note or instrument, evidencing the debt, does not affect it. *The State of Iowa* v. *Lake et al.*, 17 Iowa, 215, and authorities there cited.

Under our statute (Rev., § 2217), in the absence of stipulations to the contrary, the mortgagor of real estate retains the legal title and right of possession. Whether this provision is to be limited to mortgages in *form*, or extends to equitable mortgages also, it is not necessary to determine in this case; since, whatever may have been the interest or the extent of the ownership of Chase in the real estate at the time of his marriage, the rights of the wife in that interest became vested by the marriage. This right of the wife in the homestead is of a higher character, and more in the nature of a vested interest or title, than is a dower right in the other real estate of her husband. It is of such a vested character as clothes her with a right to redeem from a tax sale (under a saving clause in favor of married women) after the time for redemption by the husband has expired. See *Adams* v. *Beale and Wife*, 19 Iowa, 61.

2. HOME-
STEAD:
right of the
wife.

It is a universal rule that the interest of any person in mortgaged property, although acquired subsequent to the mortgage (unless the mortgage contains a power of sale), can only . be divested or barred, by making such person a party to the foreclosure proceedings. There was no foreclosure of this mortgage made by the plaintiff to the defendant, nor was the wife a party to the suit upon the note, and hence her right or equity, whatever it is, has not been barred or foreclosed. Since, therefore, the wife, together with her husband, the judgment

3. MORT-
GAGE: par-
ties.

debtor, is in possession of the premises as a homestead, she claiming in her own right, though derived through the husband, cannot legally be turned out of possession by virtue of an execution against him alone.

But while she may not thus be turned out of possession, it by no means follows that her rights are paramount to the mortgage lien of the defendant. On the contrary, his mortgage being executed by the (now) husband, prior to his marriage and while he had full right and authority to mortgage the property, is a valid lien and, without some other special defense, must be paramount to the rights of the wife acquired by the subsequent marriage. While the mortgagee may, therefore, have the right to subject the property, by proper foreclosure proceedings, to the payment of this debt, he has not the right to the absolute possession of the property as against the wife, without making her a party to such proceedings.

4. HOME-STEAD: marriage.

This action is brought by the husband alone, and although the rights of the wife have been set up in the pleadings, and proven by the testimony, she is, notwithstanding, no party to the suit. The question as to the necessity of making the wife a party to a suit involving the homestead right, under our present homestead law, has not been directly determined by this court. In *Helfenstein and Gore* v. *Cave*, 3 Iowa, 287, which arose under the homestead act, approved January 15, 1849 (*vide* Laws of regular session of 2d Gen'l Assembly. ch. 124, p. 152), it was held that the wife was not a proper party; but the court, per WOODWARD, J., expressly say that they "are not inclined to settle the question definitely as to her becoming a party under" circumstances where it would be necessary in order to protect her rights. In *Sloan* v. *Coolbaugh*, 10 Iowa, 31, the court held, in a brief opinion also by WOODWARD, J., that under the facts in the case the wife was not so *necessary* a party

5. — wife as a party.

as to justify the District Court in sustaining a demurrer to the petition, because of the failure to join her as a party plaintiff.

The question is, then, to a certain extent at least, an open one in this State and under our present statute, and so regarding it, we proceed to state briefly our views of the correct practice. The right of the wife in the homestead, being, as before stated, a vested right, she cannot be fully and completely barred or divested of that right by judicial proceedings, except upon making her a party thereto. *Belknap* v. *Cook et al.,* 16 Iowa, 149. It would, therefore, be the safer practice, in all controversies affecting the homestead, to make her a party, and generally she should be a party. Where the husband seeks to enjoin a sale of the homestead or other like proceedings, because it is a homestead, and therefore exempt to him in his own right, we would not now say that the wife was a necessary party. *Larson* v. *Reynolds & Packard,* 13 Iowa, 579. And yet, if he should fail in his action, and judgment pass against him, it is reasonably clear that such judgment would not conclude the wife. The absolute safety of the defendant in such case, and the conclusiveness of the judgment as against the wife, could only be effectuated by causing her to be made a party, which he would doubtless have a right to do.

It was held, in *Sargent* v. *Wilson,* 5 Cal., 504, that the wife was a necessary party to a foreclosure proceeding, and that it was error not to allow her to intervene and assert her claim to the premises as a homestead. And in *Revalk* v. *Kraemer,* 8 Cal., 66, it was held, that in a case affecting the homestead title to which he alone was a party, and a judgment was rendered against him, that even *he* was not concluded by the judgment, and might join the wife in a bill to restrain the execution of the decree or judgment. This decision was placed upon the ground, that since the

husband could not alone *voluntarily* do anything whereby he would be divested of the title, he could not be required by judgment of a court to do what he could not do voluntarily. And in *Marsh* v. *Marsh*, 9 Cal., 90, where the husband, being alone sued, set up a homestead right, the court held, that the wife should be brought in as a party. See also, *Tudlock* v. *Eccles*, 20 Texas, 782; *Wisner* v. *Farnham*, 2 Mich., 472.

While it is true that the defendant has not the right in equity to dispossess the wife of the plaintiff of the homestead and take absolute possession thereof himself, he has, nevertheless, an equity paramount to hers, to the extent of his mortgage lien. But the effect of the judgment of the District Court in this case is to defeat that equity of the defendant; for, by his judgment, execution, levy and sale, he has satisfied his claim; and if he cannot obtain possession of the property purchased in satisfaction of his claim, he will derive no advantage therefrom. It is the province of a court of equity to do full and complete justice, and to that end the judgment of the District Court is affirmed, but with leave to the defendant to institute and prosecute his foreclosure proceedings against the mortgagor, the plaintiff and his wife, the same as if no judgment had ever been recovered, or sale made, and without prejudice therefrom.

Affirmed.