## HEMENWAY v. WOOD.

1. **Res adjudicata**: DEFENSE: FAILURE TO PLEAD. In an action for divorce a sum was awarded the wife as alimony, which was made a charge, by the decree, upon certain described land of the husband. The alimony not being paid, the land was sold under the decree, and a sheriff's deed executed therefor. The purchaser having brought an action of forcible entry and detainer to obtain possession of the land, it was held that the husband could not set up as a defense to such action that the land constituted his homestead and was not liable for the judgment, such question having been adjudicated in the divorce proceeding.

*Appeal from Butler Circuit Court.*

MONDAY, DECEMBER 15.

PLAINTIFF brought an action of forcible entry and detainer before a justice of the peace to recover possession of eighty acres of land, claiming to have acquired title thereto by virtue of a sheriff's sale and deed, under a decree of the Circuit Court of Black Hawk county, in an action against defendant at the suit of Mary A. Wood, wherein a decree was entered against defendant, which was made a special lien upon the lands sold thereon to plaintiff. The defendant answered the petition of plaintiff, disclaiming title and claim to forty acres of the land, and claiming title to the other forty, and denying plaintiff's claim thereto and the allegation of his petition, and averring that it is and was his homestead, and was not subject to sale upon the decree. Upon this answer the justice certified the cause to the Circuit Court, where it was tried without a jury, and, upon facts found, judgment was entered for defendant. Plaintiff appeals.

*Hemenway, Polk & Thorp*, for appellant.

No appearance for appellee.

BECK, CH. J.—I.   No objection was made in any stage of
the proceeding by defendant to the transfer of the cause from
the justice to the Circuit Court, and no question
based upon this action is presented to this court.
We are not required to determine whether it is
authorized by law.   We will decide the case upon the ques-
tions presented by the record before us.

1. RES ADJU-
DICATA: de-
fense: failure
to plead.

II.   The court below found the following facts: The defend-
ant brought a suit against his wife Mary E. Woods for a
divorce on the ground of adultery.   The wife instituted an
action against the husband and one Seaver to obtain the title
of certain real estate, which, she alleged, had been purchased
with money inherited by her, and the defendant, by fraud, had
caused to be conveyed to Seaver.   The two actions were con-
solidated, and a decree was entered therein granting a divorce
to the wife, and alimony to the amount of $600, upon her
cross-petition praying for that relief.   The judgment for ali-
mony was, by the decree, made a special lien upon the land
involved in this suit, to be enforced by execution upon default
in the payment of the judgment in the manner prescribed
therein.   Default in payment having been made, the land was
sold upon execution issued upon the judgment, and a sheriff's
deed therefor was executed to plaintiff.   Under this deed
plaintiff claims possession of the land in suit.   The court
found that the land was occupied by defendant as his home-
stead, and, as a conclusion of law, held that it was exempt
from execution upon the judgment, and that the homestead
right was not cut off by the decree upon which the land was
sold.

III.   But one question need be determined, namely: Did
the decree cut off the homestead right of defendant, if he, in
fact, held such right in the land?

The decree, by its express terms, is made a lien upon the land. The court pronouncing it had jurisdiction of the person of defendant, of the subject matter of the action, and of the property affected by the lien. It must, therefore, be held valid. If it should be considered erroneous it cannot be impeached on that ground in this action. Being valid, it must of necessity cut off the homestead right of defendant, for that right is inconsistent with the decree. If the right exists, the decree cannot be enforced. As the decree is valid it must be enforced, for the law would not permit the vain thing of a valid judgment which is incapable of being enforced. We conclude, therefore, that the decree cut off the homestead right of defendant.

It may be remarked that defendant ought to have set up his homestead in the action for divorce, in order to protect his right to the land, when the court was asked to declare the judgment lien thereon. That was the proper proceeding to determine the questions he raised in this case. Having failed to do so, the law will not give him another opportunity to litigate the questions that were settled by that decree.

IV. We need not determine whether defendant had, in fact, a homestead right in the land. Upon the questions of fact whether he was the head of a family, and so occupied the land as to give him a homestead therein, there are grave doubts. As the case no doubt will be finally disposed of upon the point we have above decided, these and other questions become unimportant.

The judgment of the Circuit Court is reversed, and the cause is remanded for a new trial.

REVERSED.