## McKern v. The City of Albia.

1. **Cities and Towns**: INJURY ON SIDEWALK: DEFECTIVE INSTRUCTION. In an action to recover for an injury occasioned by a defect in defendant's sidewalk, it was error to instruct the jury that they should find for the plaintiff if they found merely that defendant had constructive notice of the defect, as there are other issues in such a case which must be found for plaintiff before a recovery can be had.

2. **Practice on Appeal**: NO ARGUMENT FOR APPELLEE. Where there is no argument for appellee, and the cause must be reversed for any reason, no other questions raised by appellant's counsel will be decided.

*Appeal from Monroe Circuit Court.*

FRIDAY, OCTOBER 8.

ACTION to recover for personal injuries sustained by plaintiff from a fall caused by a defective sidewalk constructed upon one of the streets of defendant. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*T. B. Perry,* for appellant.

No appearance for appellee.

BECK, J.—I. The petition is in the usual form, alleging that the defects in the sidewalk causing the injuries to plaintiff were negligently permitted by defendant after having notice thereof, and that the injury was received by the plaintiff while in the exercise of due care. The answer puts in issue all allegations of the petition.

1. CITIES and towns: injury on sidewalk: defective instruction.

The injury to plaintiff was caused by a loose plank in the sidewalk. The district court, after directing the jury as to the care to be exercised by plaintiff, and that notice to defendant of the defect actual or constructive, should be found, instructed them in the following language: " If, therefore, you find, from the evidence in the case, that the fact of the

McKern v. The City of Albia.

plank being loose (if it was loose) was so apparent, notorious and long continued that the city would have known of it by the use of ordinary care, then you should find for the plaintiff." It is presumed that the district court intended to direct the jury that if they found the other issues in the case for plaintiff, as those involving the exercise of care upon her part, the injury complained of, and the like, and further found constructive notice to the defendant of the defect in the sidewalk from its long continuance and notorious character, they would be authorized to find for plaintiff. But the language we have quoted contains a positive direction for a verdict for plaintiff simply upon finding constructive notice to defendant of the defect. We think it impossible that the jury should not have been misled by it. It contains, therefore, an error demanding the reversal of the case.

II. As there is no argument for plaintiff in the case, we will stop in its consideration upon discovering error demanding reversal. We never decide questions upon which we do not have argument upon both sides, except when there exists an absolute necessity for their decision. *Deeds v. Chicago, R. I. & P. R'y Co., ante,* 164.

2. PRACTICE on appeal: no argument for appellee.

Quite a number of rulings upon the admission of evidence appear to us objectionable, and, if required to pass upon them now, we should hold them erroneous. But it is a safer course, in view of the fact that we have no argument in support of these rulings, to permit the court below to consider and pass again upon the questions involved in them, if they should arise upon another trial.

For the error pointed out the judgment of the district court is

REVERSED.