81  319
81  550
81  319
100  384
81  319
103  242

JAMES L. DODD, Appellant, v. D. W. SCOTT, Appellee.

Homestead: FORECLOSURE OF MORTGAGE: RES ADJUDICATA. A husband, against whom a decree of foreclosure of a mortgage on real estate has been duly obtained, cannot in an action of forcible entry and detainer to recover possession after the period of redemption, set up the defense that his wife, who was not a party to the former suit, has a homestead interest in the mortgaged premises; such fact, if a defense at all, being available in the former suit, must be deemed to have been adjudicated or waived.

*Appeal from Jackson District Court.*—HON. C. M. WATERMAN, Judge.

FRIDAY, OCTOBER 24, 1890.

ACTION for forcible entry and detention of real property. The plaintiff sold to the defendant the premises in controversy by contract, the deed to be executed when certain payments were made. Default was made in the payments, the contract foreclosed by action against the defendant, and the premises sold on foreclosure judgment to the plaintiff, and, at the close of the period of redemption he received his deed, after which he instituted this proceeding before a justice of the peace to obtain possession. In the foreclosure suit, the wife of the defendant was not made a party, nor is she a party in this proceeding. Before the justice, the defendant answered, presenting as defensive matter that before the commencement of the foreclosure proceeding he was the head of a family, and that Sarah A. Scott was his wife; that since November, 1886, he and his wife had occupied the premises in question as a homestead; and that his wife was not made a party to the foreclosure proceedings, nor her homestead interest therein foreclosed. To this answer plaintiff demurred, whereupon the justice certified the case to the district court as involving title to real estate, under the provisions of Code, section 3535.

In the district court the plaintiff moved to remand the cause to the justice for trial, for the reason that the district court had no jurisdiction, and that it was erroneously transferred by the justice. Pending the motion, however, the defendant amended his answer by alleging, "that the right and possession he now has in and to said real estate were acquired by and through the said homestead right of the said Sarah A. Scott, his wife." To the answer, as amended, there was a demurrer, which the court overruled, and the plaintiff, electing to stand thereon, appealed to this court.

*Hayes & Schuyler* and *B. F. Thomas*, for appellant.

No appearance for appellee.

GRANGER, J.—The case must be reversed, and, as we are unaided by brief from appellee, we limit our consideration to a single question. See *McKern v. Albia*, 69 Iowa, 447; *Deeds v. Chicago, R. I. & P. Ry. Co.*, 69 Iowa, 164; *Gilfeather v. Council Bluffs*, 69 Iowa, 310.

A point urged in argument by the appellant is, that the husband, who was a party to the foreclosure proceeding, cannot, in this case, set up the homestead right of the wife as a defense, and it seems difficult to gainsay the proposition. With the amendment, the plea appears to be one personal to the defendant; that is, he does not seek to defend for his wife, but for himself, because of a "right and possession" acquired "through the homestead right of the wife." Being a party to the foreclosure suit, if he had a homestead right available to him as a defense therein, he must interpose it, or the right is lost. Now the wife was not a party to that proceeding, and any rights he had available to him because of the wife's homestead right (if there could be any) was just as available for defense in that suit as in this, and just as available then as any other right he had. We must assume, then, that all

rights personal to the defendant have been adjudicated or waived, and that under the claim of the demurrer, because of the wife not being a party to this suit, no claims based on her homestead rights are available as a defense. With this holding, no question of title is involved in the issues, and the cause should be remanded to the justice for trial. REVERSED.