SECOND NATIONAL BANK OF NEW HAMPTON, Appellant, v. J. J. LANIN and SARAH A. LANIN, Appellees.

**Malicious prosecution:** WRONGFUL ATTACHMENT: INSTRUCTIONS.
1   Where plaintiff in an attachment alleged that defendant was about to dispose of his property with intent to defraud his creditors, and defendant pleaded as a counterclaim that the attachment was malicious and without reasonable cause, an instruction that if plaintiff submitted the facts concerning the financial standing of defend-

ant to its attorney and was advised that it had sufficient cause for attachment, then exemplary damages should not be allowed, was erroneous; as the issuance of the attachment was not dependant upon defendant's financial condition, but upon whether he was about to dispose of his property with intent to defraud his creditors.

Same:  DAMAGES:  EXPENSES.  Where defendant in attachment seeks
2  to recover attorney's fees expended in procuring a release of the attachment he should show the necessity for an attorney's services and the value of the same.

*Appeal from Chickasaw District Court.*—HON. A. N. HOBSON, Judge.

TUESDAY, MARCH 24, 1914.

ACTION upon a promissory note. An attachment was sued out and levied upon certain money and some securities, and the Darrow Trust & Savings Bank and one Condon were garnished. Defendants gave bond, and the attachments were released. Later they filed an answer, and also a counterclaim for the wrongful suing out of the attachment. On the issue joined the case was tried to a jury, resulting in a verdict for the plaintiff in the sum of $278.57, thus in effect allowing defendants about $170 as damages on the counterclaim, and the court added thereto the sum of $75 to defendant's attorneys because of the wrongful suing out of the writ. Plaintiff appeals.—*Reversed.*

*R. Feyerbend,* for appellant.

*Smith & O'Connor,* for appellees.

DEEMER, J.—The action was upon a note for the sum of $400, signed by both defendants, and payable to the plaintiff bank. The defendants admitted the execution of the note, and pleaded tender of the amount due, with interest, attorney's fees, and costs, to the clerk. The ground for the

attachment was: "That defendant J. J. Lanin is about to convert his property into money for the purpose of placing it beyond the reach of his creditors." A writ issued on this petition, which was served by garnishing the Darrow Trust & Savings Bank and M. F. Conrad. The defendants' tender was made after the attachment was levied, but in the same pleading defendant J. J. Lanin filed a counterclaim upon the attachment bond for the wrongful suing out of the attachment, and by this pleading undertook to show that the attachment was sued out without reasonable cause for believing the allegation for the attachment to be true; and that it was sued out maliciously. The plaintiff pleaded the tender as a settlement of the matter, and also denied 'the allegations of the counterclaim. Upon these issues the case was tried, with the result before indicated, and the jury found specially that the attachment was both wrongfully and maliciously sued out.

The actual damages pleaded were $25 for attorney's fees in securing the release of the attachment, and $25 for time and trouble in securing the release of the garnishees, so that the actual damages allowed could not have exceeded $50; the remainder of the award to defendants, to wit, $120, being by way of punishment for the wrongful act.

The question of the rightfulness of the attachment was strenuously contested, and plaintiff claimed that in suing out the writ it acted upon the advice of an attorney before whom it placed the entire facts relating to cause for the attachment, and was advised by him that it had good cause for suing out the writ.

It is conceded that, if proved and believed by the jury, this would relieve the plaintiff from exemplary damages. With reference thereto, the trial court charged the jury as follows:

1. Malicious prosecution: wrongful attachment: instructions.

"If you believe from the evidence that, before suing out the attachment, the officers of plaintiff submitted the facts and information possessed by them as to the financial standing of J. J. Lanin to their attorney, and that they were thereupon

advised by their counsel that they had sufficient cause for commencing an attachment suit against Lanin, then in this event you cannot allow defendant exemplary damages, but the burden of proof rests upon plaintiff to establish this defense by a preponderance of the evidence before you.''

Remembering the issue tendered by the counterclaim, it will be observed that the court did not submit the question as to whether or not, after submitting the entire matter to its counsel, it was advised by him that it had good ground for commencing an attachment by reason of the fact that Lanin was about to convert his property into money for the purpose of placing it beyond the reach of his creditors. This he might have intended, no matter what his financial standing, and under the instruction the plaintiff could not be relieved from exemplary damages, although it may have placed all the facts relating to Lanin's purpose to convert his property into money for the purpose of placing it beyond his creditors, and was advised by the attorney that it had good cause for suing out the attachment on this ground. That Lanin's financial condition may have been good would not of itself be conclusive upon this subject, and that he had no financial standing would not alone indicate that he was about to convert his property into money for the purpose of placing it beyond the reach of his creditors. In other words, a false issue was raised by this instruction, and, although plaintiff may have proved that after giving all the facts of which it was possessed, regarding defendant's purposes and intent with reference to the conversion of his property into money, and was advised by counsel that it had good ground to commence an attachment suit on that ground alone, still, if it did not give him all the facts regarding Lanin's financial standing, the jury would not be justified, under this instruction, in relying upon the attorney's advice. It will be noticed, too, that it was the financial standing of Lanin, and not his financial condition, which the instruction referred to. In other words, advice of counsel with reference to suing out an attachment on the

grounds stated was made unavailing, no matter what the facts stated to counsel, unless these facts had reference to the financial standing (perhaps reputation) of Lanin at the time of the commencement of the suit.

If, then, the jury found that the plaintiff did not state all the facts relating to Lanin's financial reputation or standing, or if it, on the other hand, found that instead of that plaintiff did state all the facts with reference to the disposition Lanin was about to make of his property, to counsel, and was advised by him that grounds for attachment existed, nevertheless it could place no reliance on this advice. In this respect there was error. *McKern v. City of Albia,* 69 Iowa, 447.

II. The proof of time spent by defendant in securing the release of the attachment was very uncertain and speculative, and that matter should not have been submitted to the jury.

III. In view of a retrial, we may say that it would be better practice to show the necessity for the employment of an attorney to secure a release of the attachment, and also the value of his services. We should not reverse for failure to do this on the former trial, but suggest it now in view of the errors relied upon and the necessity for a new trial. *Waltham Piano Co. v. Freeman,* 159 Iowa, 567.

2. SAME: damages : expenses.

The judgment must be reversed, and the cause remanded.
—*Reversed* and *Remanded.*

LADD, C. J., and GAYNOR and WITHROW, JJ., concurring.