LESTER BUTLER, Trustee, Appellee, v. LILLY CLELAND, Appellant, et al., Appellees.

**HOMESTEAD: Abandonment—Execution of Mortgage—Effect.** Abandonment of a homestead may not be decreed on the mere basis of the execution of a mortgage on the property, even though it contains a clause limiting the time during which the property might be occupied by the mortgagor, the homestead owner.

**BANKRUPTCY: Exemptions—Waiver of Homestead Right—Burden of Proof.** A trustee in bankruptcy who, as such trustee, claims title to the bankrupt's homestead, must allege and prove that the right to the homestead was waived by the bankrupt in the bankruptcy proceedings.

Headnote 1: 29 C. J. p. 947 (Anno.)   Headnote 2: 7 C. J. p. 262.

*Appeal from Mahaska District Court.*—D. W. HAMILTON, Judge.

MARCH 10, 1925.

REHEARING DENIED JUNE 25, 1925.

THE nature of this action is stated in the opinion. The de-
fendant Lilly Cleland alone appeals.—*Reversed and remanded.*

*Thomas J. Bray,* for appellant.

*Daniel W. Davis* and *D. C. Waggoner,* for appellee.

STEVENS, J.—I.  Plaintiff brings this action, as trustee in
bankruptcy of the estate of Lilly Cleland, a bankrupt, to have
two instruments canceled and set aside,—one dated November

1. HOMESTEAD: 26, 1920, purporting to be a mortgage given by
abandonment: appellant alone to her father, James Fisher,
execution of
mortgage: effect. upon the east 74 acres of the east one half of
the southwest quarter of Section 31, Township 77, Range 15, to
secure an apparent indebtedness of $10,000; and the other a
deed, dated July 21, 1921, signed by appellant and her hus-
band, and conveying the above described premises to the above
named mortgagee,—upon the ground that the said instruments
were executed without consideration, and in fraud of the credi-
tors of appellant.

The court found, upon the issues joined, that the deed was,
in fact, a mortgage, and that the instruments were executed in
good faith, and not in fraud of creditors. As plaintiff has not
appealed, these issues are not here involved.

Appellant, in her separate answer to the petition, alleged
that she is the head of a family; that she is now occupying, and
has for many years occupied, the south 40 of the above described
tract as a homestead; and that same, under Section 10150, Code
of 1924, is exempt to her from the claims of creditors. The re-
sponse of appellee to this claim of appellant's is that, by the
execution of the deed to James Fisher (which contained the
following provision, ''and grantors reserve only the privilege of
occupying said premises until March 1, 1922''), and by leasing
same from him, she abandoned the homestead, and is now es-
topped to claim the exemption thereof. The record does not dis-
close that any of the debts owed by her were contracted prior
to the acquisition of the property in question. The court below
found that the homestead had been abandoned by appellant,
and decreed title thereto, subject to the incumbrances, in ap-
pellee, as trustee.

Abandonment of the homestead is largely a matter of intention. Appellant continued to reside thereon, to pay the taxes, to keep the premises in repair, and to improve the same. No rent was ever paid by her, nor did her father assume any dominion or control whatever over the property. It is the settled rule in this state that a deed absolute in form, but executed as security for a debt, vests the legal title only in the grantee; and that a conveyance of the homestead by a deed absolute on its face, but intended only to secure a debt, does not destroy the homestead character of the premises. *McClure v. Braniff*, 75 Iowa 38; *Haggerty v. Brower*, 105 Iowa 395.

There is nothing in *Jasper County v. Sparham*, 125 Iowa 464, which is relied upon by appellee, in conflict with the rule declared by the above cases. The purpose of the reservation in the deed is not explained. It appears not to have been acted upon, and is of little significance in an instrument found by the court to be a mortgage. There is nothing in the record to indicate an intention upon the part of appellant to abandon her homestead right in the premises, except the matters above recited; and, in keeping with the universal rule that exemption laws must be liberally construed, we are compelled to hold against the finding of the court below on this point.

II. It is conceded of record that appellant was adjudged a bankrupt by the United States district court on April 18, 1923, in a voluntary bankruptcy proceeding. It is now contended by appellee that it was incumbent upon appellant to plead and prove that she scheduled the land in question as exempt to her as a homestead, in the bankruptcy proceedings; and that, upon her failure to so plead, and to sustain the same by proof, this court should presume that she did not do so; and that she thereby waived her right to now claim the exemption.

2. BANKRUPTCY: exemptions: waiver of homestead right: burden of proof.

The exemptions allowed in bankruptcy are those to which the bankrupt is entitled under state laws; and it is his duty to list the same as exempt, in the bankruptcy proceedings, at the time the petition is filed. *In re Exum*, (D. C.) 209 Fed. 716; *In re Stern*, (D. C.) 208 Fed. 488; *In re Gerber*, 108 C. C. A. 511; *Brandt v. Mayhew*, 134 C. C. A. 210; *White v. Stump*, 266 U. S. 310 (69 L. Ed. 122). The title to exempt property does

not, however, pass to the trustee, but remains a part of the estate of the bankrupt. *Bank of Nez Perce v. Pindell,* 113 C. C. A. 545 (193 Fed. 917); *In re Cale,* 111 C. C. A. 89 (191 Fed. 31); *Lockwood v. Exchange Bank,* 190 U. S. 294 (47 L. Ed. 1061).

The record is devoid of any pleading or proof relating to the bankruptcy proceedings, further than the allegation of the petition that appellee was appointed trustee therein, and the concession that appellant was declared a bankrupt, as stated. It seems to us that, as title to exempt property does not pass to the trustee in bankruptcy unless the exemption is waived by the bankrupt, the burden of showing waiver rests on the party seeking to claim some advantage on account thereof. As stated, the only exemptions recognized by the court in bankruptcy proceedings are such as exist under state laws. Appellant had a right, under the statutes of this state, to claim as a homestead the 40 acres upon which she resided, exempt from the claims of creditors; and this court will not presume that she waived such right in the bankruptcy proceedings. On the contrary, the court will, under such circumstances, give full force and effect to state statutes enacted for the benefit of the head of a family, including a liberal construction thereof. In our opinion, it was incumbent upon appellee, if he claimed title to the property, to plead and prove that appellant failed to make proper claim to the exemption in the bankruptcy proceedings.

It is our conclusion that the title to the tract occupied and claimed as a homestead is exempt to appellant; and the judgment and decree of the court below, so far as the same is adverse to appellant, should be and is reversed, and remanded to the court below for decree in harmony herewith, fully protecting the right of the homestead, both as to sale and the use thereof. It is so ordered.—*Reversed and remanded.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.