Larry FRANCKSEN, Appellee,

v.

Ernest Dean MILLER, Appellant.

No. 63542.

Supreme Court of Iowa.

Oct. 15, 1980.

Bruce G. Thomas, Sioux City, for appellant.

Joe Cosgrove of Yaneff & Cosgrove, Sioux City, for appellee.

Considered by UHLENHOPP, P. J., and HARRIS, McCORMICK, LARSON and SCHULTZ, JJ.

McCORMICK, Justice.

This appeal concerns the effect of one spouse's homestead rights on a forcible entry and detainer action brought against the other spouse. Plaintiff Larry Francksen purchased a 100–acre Plymouth County farm owned by defendant Ernest Dean Miller at a sheriff's sale executing a foreclosure judgment. Plaintiff brought the present forcible entry and detainer action against defendant in an effort to obtain possession of the land. Defendant contended the foreclosure judgment and sheriff's deed were void because the premises included his homestead and his wife was not a party to the foreclosure proceedings. The trial court rejected this contention and entered judgment of possession. Because we believe defendant's wife was an indispensable party in plaintiff's action for possession of the homestead portion of the premises, we affirm plaintiff's judgment as to the rest of the land, reverse as to the homestead, and remand.

The court files in the foreclosure action and a subsequent action by defendant to enjoin delivery of the sheriff's deed were made part of the record in the present case by agreement of the parties. The record in the foreclosure action shows title to the farmland was in defendant's name alone. The foreclosure action was initiated against him by a mechanic's lienholder. Defendant did not assert homestead rights in defending the action. The trial court held that the lien was established and ordered it foreclosed, subject to senior liens.

Defendant filed notice of appeal from the foreclosure judgment, but the judgment creditor commenced execution proceedings. When defendant received notice of sheriff's sale, he platted and filed a designation of homestead with the recorder. The sheriff's sale was held and plaintiff purchased the land. Defendant dismissed his appeal to this court. He then filed an application in the foreclosure suit to set aside the sheriff's sale. After a hearing, the application was denied. The trial court held that defendant had waived his homestead claim by failing to assert it as a defense in the foreclosure action. The court subsequently overruled defendant's "motion for new trial" of his application.

Two months later, defendant filed an action against plaintiff and the sheriff seeking an injunction to prevent issuance of the sheriff's deed and to prohibit plaintiff from taking possession. Plaintiff obtained a summary judgment against the defendant in that action based on the prior adjudication. Defendant attempted an appeal which was dismissed as interlocutory because the action was still pending as to the sheriff.

Next in the sequence of events was plaintiff's present forcible entry and detainer action. In addition to the files from the prior litigation, the record includes a stipulation of the parties that defendant resides with his wife Jane Miller on the 40–acre portion of the premises designated by him

as his homestead. Jane has not been a party in any of the lawsuits.

In appealing from the judgment of possession in this case, defendant renews his trial court contention that the failure to join his wife in the foreclosure action makes the foreclosure judgment and sheriff's sale void. We do not agree. Rather, we agree with the trial court that those proceedings were valid against defendant. We hold, however, that the failure to join defendant's wife in the foreclosure suit makes her an indispensable party in the present action.

■ I. *Defendant's homestead defense.* Defendant acknowledges that *Dodd v. Scott*, 81 Iowa 319, 46 N.W. 1057 (1890), is authority against his position concerning the validity of the foreclosure judgment and sheriff's deed. We believe it is dispositive. In *Dodd* the plaintiff brought a forcible entry action against a judgment debtor on the strength of a sheriff's deed obtained in a foreclosure sale. The defendant asserted the property was his homestead and he could not be removed because his wife had not been a party in the foreclosure suit. The court held that his homestead claim was a personal defense which he had waived by failing to urge it in the foreclosure action:

> Being a party to the foreclosure suit, if he had a homestead right available to him as a defense therein, he must interpose it, or the right is lost. Now the wife was not a party to that proceeding, and any rights he had available to him because of the wife's homestead right (if there could be any) was just as available for defense in that suit as in this, and just as available then as any other right he had. We must assume, then, that all rights personal to the defendant have been adjudicated or waived, and that under the claim of the demurrer, because of the wife not being a party to the suit, no claims based on her homestead rights are available as a defense.

81 Iowa at 320–21, 46 N.W. at 1058. *See Hemenway v. Wood*, 53 Iowa 21, 3 N.W. 794 (1879); *Collins v. Chantland*, 48 Iowa 241 (1878).

The record of the foreclosure suit shows defendant did not assert his homestead claim until after the sheriff's sale. The trial court held the claim was untimely and refused to set the sale aside. No appeal was taken from that adjudication. Therefore, under *Dodd*, defendant is precluded from raising a homestead defense in the present action, whether grounded on his own right or derived from his wife's right. This is based on the principle of res judicata. *See B & B Asphalt Co. v. T. S. McShane Co.*, 242 N.W.2d 279, 286 (Iowa 1976).

■ We hold that the failure to join defendant's wife in the foreclosure action did not void the foreclosure judgment or sheriff's deed. Rather, the judgment and deed are valid against defendant's present assertion of homestead rights. He had his opportunity for a day in court on that defense and it is unavailable to him now.

■ II. *Defendant's wife's homestead rights.* We must nevertheless recognize that the judgment of possession assumes either that Jane Miller's homestead rights were adjudicated with her husband's or that his homestead rights are severable from hers. However, neither assumption is warranted. The record shows she was not a party to any of the litigation, and her homestead rights have not been adjudicated. Nor are defendant's homestead rights severable from those of his wife. This court has long held that one spouse cannot be divested of homestead rights by judicial proceedings in which only the other spouse is a party. *See Larson v. Reynolds & Parkard*, 13 Iowa 579, 587 (1862) ("[W]hile the decree would be good, as against the husband, it would not as to her.").

The early case of *Chase v. Abbott*, 20 Iowa 154 (1866), is instructive. Chase borrowed money from Abbott, giving a note secured by a deed for certain real estate as security. Abbott executed a bond to assure his reconveyance upon payment of the note. Chase was single at the time of this transaction. He later married and lived on the real estate as a homestead. Abbott

brought an action on the note against Chase, obtained a judgment, ordered execution against the real estate, and purchased the premises at sheriff's sale. Later Abbott brought a separate action for recovery of the real estate against Chase and obtained a judgment based only on the deed executed to secure the note. Chase then sued to enjoin execution of the second judgment, asserting in part that the property was the homestead of himself and his wife. The trial court granted the injunction, and this court affirmed. In affirming, however, the court gave Abbott leave to institute foreclosure proceedings against Chase and his wife as if execution and sale on the first judgment had not occurred.

The court said:

The right of the wife in the homestead, being, as before stated, a vested right, she cannot be fully and completely barred or divested of that right by judicial proceedings, except upon making her a party thereto.... It would, therefore, be the safer practice, in all controversies affecting the homestead, to make her a party, and generally she should be a party.

*Id.* at 160. Even though Abbott could seek to enjoin the sale of the homestead without joining his wife, the court held that a judgment against him in that action "would not conclude the wife." *Id.*

■ By analogy, the proceedings which antedated the present action have not adjudicated the homestead rights of defendant's wife. As in *Chase* the foreclosure decree and sheriff's deed are valid against the husband but do not entitle plaintiff to possession of the homestead because they do not conclude his wife's rights.

The severability issue was settled in *Merchants Mutual Bonding Co. v. Underberg*, 291 N.W.2d 19, 21 (Iowa 1980). In that case we said:

There can be no splitting of homestead rights. The very nature of the doctrine makes such a result intolerable. It is just as destructive of family security to lose half a homestead as all of it. Therefore if Elizabeth's interest is not subject to execution, neither is Irwin's.

.    .    .    .    .

... A creditor who seeks to satisfy his debt out of a homestead must be certain he has a right against the *whole* property, not just part of it.

Plaintiff has not established his right against both parties in the present case. His right to possession is subject to Jane Miller's homestead rights. In accordance with the holding in *Chase*, her rights cannot be adjudicated unless she is made a party to the action.

At this stage of the proceedings, defendant's wife is an indispensable party. Applicable principles are discussed in *Ditch v. Hess*, 212 N.W.2d 442, 447-50 (Iowa 1973). Under Iowa R.Civ.P. 25(b), a party is indispensable "if his interest is not severable, and his absence will prevent the court from rendering any judgment between the parties before it; ...." When an indispensable party is not before the court, "it shall order him brought in." Rule 25(c).

Because homestead rights are indivisible, Jane's interests cannot be severed from those of defendant. It was wrong for the court to enter a judgment for possession of the homestead when she was not a party to the suit. *See Cleaver v. Bigelow*, 61 Mich. 47, 53, 27 N.W. 851, 852 (1886) ("Under these circumstances, we think the wife was a necessary party in the case, and should have been made a defendant with her husband."). The present case is distinguishable from *Van Emmerick v. Vuille*, 249 Iowa 911, 88 N.W.2d 47 (1958), a forcible entry case in which the wife of the defendant was held not to be an indispensable party. That case concerned a leasehold, and no homestead rights were involved.

We do not intimate any view of the merits of plaintiff's claim that the homestead exemption is unavailable to either of the Millers because the debt on which the foreclosure judgment was based was "incurred for work done or material furnished exclusively for the homestead" as provided in section 561.21(3), The Code. Although the parties in the original foreclosure action stipulated that most of the work was done

on the 40–acre homestead, the issue under section 561.21(3) was not reached in the prior litigation. We therefore have no occasion to decide whether the rights of either plaintiff or Jane Miller, who were not parties in the foreclosure action, would be affected if the issue had been reached. The section 561.21(3) issue and any other relevant issue concerning Jane Miller's homestead rights can be adjudicated after she is made a party.

We affirm the judgment for possession as to the 60 acres exclusive of the homestead. We reverse the judgment as to the 40–acre homestead and remand the case. Upon remand, plaintiff has leave to join Jane Miller as a party defendant.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.