# IN THE COURT OF APPEALS OF IOWA

No. 17-2009
Filed February 6, 2019

**STANDARD WATER CONTROL SYSTEMS, INC.,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL D. JONES and CORI L. JONES,**
        Defendants-Appellants.
_____

        Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan,

Judge.


        In an action to enforce a judgment arising from a mechanic's lien,

defendants appeal the district court's decision finding they waived their homestead

rights.  **REVERSED AND REMANDED.**


        John F. Fatino, Jonathan Kramer, and Zachary J. Hermsen of Whitfield &

Eddy, P.L.C., Des Moines, for appellants.

        Jodie C. McDougal and Elizabeth R. Meyer of Davis Brown Law Firm, Des

Moines, for appellee.


        Heard by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

In an action by Standard Water Control Systems, Inc. (Standard Water) to enforce a judgment arising from a mechanic's lien, Michael and Cori Jones (the Joneses) appeal the district court's decision holding they waived their homestead rights. We affirm the district court's finding Iowa Code section 561.21(3) (2013) does not allow a homestead to be sold to recover attorney fees entered as part of a judgment against a home in an action to foreclose a mechanic's lien. We reverse the decision of the district court on the issue of whether the Joneses waived their homestead rights and remand for further proceedings.

I.      **Background Facts & Proceedings**

This is the third appeal in the lawsuit between the parties. Because the issues in this case involve a discussion of judicial estoppel, the law of the case doctrine, and res judicata, we must review the procedural history.

In 2013, the Joneses entered into a contract with Standard Water to waterproof the basement of their home in Des Moines. While performing the work, Standard Water struck a water line and sewer line, causing damage to the property. The Joneses did not permit Standard Water to complete the work. Standard Water submitted a bill for $5400, which the Joneses refused to pay. Standard Water filed notice of a mechanic's lien.

On October 30, 2013, Standard Water filed an action against the Joneses, seeking to foreclose the mechanic's lien under Iowa Code chapter 572 and requested the court issue a special execution for the sale of the property. Standard Water also raised claims of breach of contract, quantum meruit, and unjust enrichment. The Joneses raised several affirmative defenses and filed

counterclaims against Standard Water—none of which involved the Joneses' homestead rights.

The case was tried to the court, which found Standard Water's actions were not a breach of duty or standard of care, and it was entitled to foreclose the mechanic's lien. The court entered judgment against the Joneses for $5400 plus interest. The court determined the amount of the judgment would be reduced by $500, to $4900, if Standard Water did not complete the work. The court denied the Joneses' counterclaims.

The district court determined Standard Water should be awarded attorney fees. Standard Water submitted an affidavit requesting attorney fees of $56,014.25, plus costs. The Joneses resisted the request for attorney fees, claiming the amount was unreasonable in light of the amount of the judgment and the value of the home—which had an assessed value in 2014 of $55,000. The district court awarded Standard Water attorney fees of $43,835.25 and costs of $299.04. The court entered judgment against the Joneses and issued a special execution for the sale of the property, directing a sheriff's sale.

On March 13, 2015, the Joneses appealed the district court's decision. In the interim, the Joneses decided to not have Standard Water complete the project and the district court reduced the judgment by $500, to $4900, plus attorney fees and costs.

On August 3, 2015, while the appeal was pending, Standard Water initiated proceedings for a special execution and sheriff's sale of the property. The notice advised the Joneses "if the described real estate includes the homestead . . . defendant must file a homestead plat with the Sheriff within ten

(10) days after service of this notice, or the Sheriff will have it platted and charge the costs to this case." *See* Iowa Code § 561.4, .5. The property was sold on October 21, 2015, for $45,000 to Standard Water. There was no discussion of the Joneses' homestead rights at the time of the sale.

In *Standard Water Control Systems, Inc. v. Jones*, 888 N.W.2d 673, 677–79 (Iowa Ct. App. 2016), we determined: (1) the notice of commencement of work filed by Standard Water was not untimely under section 572.13A; (2) the contract did not contain an improper indemnity clause and was not void on this ground; and (3) the award of trial attorney fees was excessive. We vacated the award of attorney fees and remanded to the district court for additional fact-finding on this issue. *Standard Water*, 888 N.W.2d at 679.

Based on our decision, the Joneses filed a motion to set aside the sheriff's sale, noting the attorney fee award, which was a large portion of the judgment, had been vacated. Standard Water resisted the motion to set aside the sale. In their response to the resistance, filed on September 20, 2016, the Joneses stated the property was their homestead. The district court determined the sheriff's sale should be set aside. The court stated, "Finally, this is the Jones[es]' home and to allow the sheriff's sale to stand knowing they cannot afford to exercise their right to redeem effectively makes them homeless."

On remand, Standard Water asked the district court to affirm its previous award of trial attorney fees and sought $29,144 in appellate attorney fees and costs. Additionally, it asked the court to reverse the order granting the motion to set aside the sheriff's sale. The Joneses resisted Standard Water's requests. The district court reduced the amount of trial attorney fees to $41,670.25. The court

determined the Joneses should pay $17,283.44 for Standard Water's appellate attorney fees. The court also found, "[A]ny action with regard to the property shall proceed as if there has not been a sheriff's sale. Thus, if Standard wishes to initiate a sheriff's sale it will need to do so." The Joneses appealed the district court's decision.

While the second appeal was pending, on May 30, 2017, Standard Water initiated new proceedings for a special execution and sheriff's sale of the property. The notice to the Joneses contained the same homestead statement as the notice given at the time of the first sheriff's sale. The sheriff's sale was scheduled for August 22. On August 10, the Joneses filed a motion to vacate the writ of special execution, stating the property was their homestead and they were protected by the provisions of Iowa Code chapter 561. Standard Water resisted the motion, raising issues of estoppel and the law of the case doctrine. The Joneses replied, denying they waived their homestead rights. On August 21, the district court determined the Joneses had not adequately shown the property was their homestead and ordered the sale could go forward. The court noted "the issues as to whether the property is subject to section 561.21(3), the amount of the lien, and whether the Jones[es] may raise the issues presently raised in their motion to vacate the special execution" could all be addressed during redemption proceedings under section 628.21.

Cori Jones submitted an affidavit stating the property was the parties' homestead. The Joneses selected the property as their homestead, submitted a plat, and recorded it with the Polk County Recorder. They filed a motion asking the court to reconsider its ruling on the motion to vacate and in the alternative

sought relief under section 628.21. In the meantime, the property was sold on August 22 to Standard Water for $45,000. Standard Water resisted the Joneses' motions. Standard Water also filed a request for execution or garnishment of the Joneses' personal assets for $21,456.24, the amount due after the sale of the home.

The district court found the property was the Joneses' homestead. The court concluded, "[S]ection 561.21(3) does not allow a homestead to be sold to recover attorney fees, costs of the action or interest that may have been entered as a judgment against the home in a foreclosure action under chapter 572." The court determined, however, the Joneses' homestead could be sold to recover attorney fees based on its finding the Joneses waived their homestead rights. The court stated:

> The homestead exemption is a personal defense which is waived if not raised initially in the foreclosure action. The Jones[es] never raised their homestead exemption rights in their answer, affirmative defenses and counterclaim filed on November 30, 2013. They never raised the defense when they requested that the court set aside the first sheriff's sale. The court concludes that the Jones[es] failed to timely raise their homestead rights as a defense. Accordingly, the Jones[es] waived this defense. Judicial estoppel and the law of the case doctrine preclude the raising of this defense at this time. In addition, the court adopts the court's position in *Francksen* [*v. Miller*, 297 N.W.2d 375, 377 (Iowa 1980)] where the court denied the defense based upon the principles of res judicata.

(Footnotes omitted.)

The Joneses filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2), which was denied by the district court. The Joneses appealed the district court's decision.[1]

## II.   Standard of Review

On the issue of our standard of review, we previously stated:

> Actions to enforce mechanic's liens are equitable proceedings. Normally, appeals from actions brought in equity are reviewed de novo. However, this dispute raises issues of statutory interpretation and construction. Our review of issues of statutory interpretation and construction is for the correction of legal error.

*Standard Water*, 888 N.W.2d at 675 (citations omitted). To the extent issues of statutory construction are raised in this appeal, we will review them for the correction of errors at law. *See id.* On all other issues, our review is de novo. *See id.*

## III.   Homestead Rights

The parties agree the Joneses' home, which is subject to Standard Water's mechanic's lien, is their homestead. *See* Iowa Code § 561.1. The district court found, "[S]ection 561.21(3) does not allow a homestead to be sold to recover attorney fees, costs of the action or interest that may have been entered as a judgment against the home in a foreclosure action under chapter 572." Standard Water claims the district court erred in its interpretation of chapter 561. It states

---

[1]   After the notice of appeal in the current matter was filed, we decided *Standard Water Control Systems, Inc. v. Jones*, No. 17-0854, 2018 WL 739330, at *2–3 (Iowa Ct. App. Feb. 7, 2018), which affirmed the award of trial attorney fees of $41,670.25 and appellate attorney fees of $17,283.44. No additional appellate attorney fees were awarded. *Standard Water II*, 2018 WL 739330, at *3.

an award of attorney fees in an action to foreclose a mechanic's lien should be part of the judgment against a homestead.

Homestead rights are purely statutory in nature. *First Am. Bank v. Urbandale Laser Wash, L.L.C.*, 894 N.W.2d 24, 27 (Iowa Ct. App. 2017). "The purpose of homestead laws is 'to provide a margin of safety to the family, not only for the benefit of the family, but for the public welfare and social benefit which accrues to the state by having families secure in their homes.'" *In re Marriage of Tierney*, 263 N.W.2d 533, 534 (Iowa 1978) (citation omitted). "Homestead rights are jealously guarded by the law." *Iowa State Bank & Tr. Co. v. Michel*, 683 N.W.2d 95, 101 (Iowa 2004). "Recognizing the important public purpose of the protections established for the homestead interest, we construe our homestead statute broadly and liberally to favor homestead owners." *In re Estate of Waterman*, 847 N.W.2d 560, 567 (Iowa 2014).

"The homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary." Iowa Code § 561.16. This section "provides that every person's homestead is exempt from judicial sale," except as provided by statute. *In re Estate of Tolson*, 690 N.W.2d 680, 682 (Iowa 2005). "In furtherance of its purpose of protecting the homestead interest, the general assembly has expressly limited the circumstances in which a homestead may be vulnerable to judicial sales for the satisfaction of debts." *Waterman*, 847 N.W.2d at 567. The Joneses claim their homestead is exempt from judicial sale for attorney fees.

Standard Water claims the exception found in section 561.21(3), which provides a homestead may be sold to satisfy a debt "incurred for work done or

materials furnished exclusively for the improvement of the homestead," applies in this case. It states the extent of a mechanic's lien includes the contract price, interest, costs, and attorney fees, and all of these should be included in a debt which may be recovered from a homestead under section 561.21(3). A party seeking to prove an exception under section 561.21 has the burden of proving the exception. *See Hawkeye Bank & Tr. Co. v. Michel*, 373 N.W.2d 127, 130 (Iowa 1985).

After an exhaustive search, we are unable to find any cases specifically addressing the issue of whether section 561.21(3) should be interpreted to include attorney fees in the amount which may be recovered against a homestead as part of the "work done or materials furnished exclusively for the improvement of the homestead." Iowa Code § 561.21. "In interpreting a statute, we first consider the plain meaning of the relevant language, read in the context of the entire statute, to determine whether there is ambiguity. If there is no ambiguity, we apply that plain meaning." *State v. Doe*, 903 N.W.2d 347, 351 (Iowa 2017) (citations omitted).

Under section 561.16, a homestead is subject to a judicial sale only when there is a special statutory declaration permitting such a sale. *See First Am. Bank*, 894 N.W.2d at 26. We find no ambiguity in the language of section 561.21(3) and apply the plain meaning of the statute. *See Doe*, 903 N.W.2d at 351. The section lists two types of debts for which a homestead may be sold—those for work done and those for materials furnished. *See Waterman*, 847 N.W.2d at 571 n.13. The only debts for which a homestead may be sold are enumerated in section 561.21. *Id.* at 567. Because section 561.21(3) does not list attorney fees, we conclude the district court did not err in its conclusion "section 561.21(3) does not allow a

homestead to be sold to recover attorney fees, costs of the action or interest that may have been entered as a judgment against the home in a foreclosure action under chapter 572." We affirm the district court on this question.

### IV. Waiver of Homestead Rights

After finding the Joneses' homestead could not be sold to recover attorney fees under section 561.21(3), the court found the Joneses had waived their homestead rights in the property under theories of judicial estoppel, the law of the case doctrine, and res judicata. "[W]aiver is an intentional relinquishment of a known right." *Huisman v. Miedema*, 644 N.W.2d 321, 324 (Iowa 2002) (quoting *State v. Hallum*, 606 N.W.2d 351, 354 (Iowa 2000)). "[T]he burden of showing waiver rests on the party seeking to claim some advantage on account thereof." *Butler v. Cleland*, 202 N.W. 557, 558 (Iowa 1925).

#### A. *Judicial Estoppel*

The doctrine of judicial estoppel provides, "[A] party who has, with knowledge of the facts, assumed a particular position in judicial proceedings is estopped to assume a position inconsistent therewith to the prejudice of the adverse party." *Kinseth v. Weil-McLain*, 913 N.W.2d 55, 74 (Iowa 2018) (quoting *Snouffer & Ford v. City of Tipton*, 129 N.W. 345, 350 (Iowa 1911)). "[A] central tenet of the doctrine is 'the successful assertion of the inconsistent position in a prior action.'" *Id.* (quoting *Vennerberg Farms, Inc. v. IGF Ins.*, 405 N.W.2d 810, 814 (Iowa 1987)). There has been judicial acceptance "when 'the position asserted by a party was material to the holding in the prior litigation.'" *Id.* (quoting *Tyson Foods, Inc. v. Hedlund*, 740 N.W.2d 192, 198 (Iowa 2007)). "Without judicial acceptance of the inconsistent position, judicial estoppel is inapplicable, as there

is 'no risk of inconsistent, misleading results.'"  *Id.* (quoting *Vennerberg*, 405 N.W.2d at 814).  A party claiming judicial estoppel must show prejudice.  *Wilson v. Liberty Mut. Grp.*, 666 N.W.2d 163, 166 (Iowa 2003).  On issues of judicial estoppel we review for an abuse of discretion.  *Tyson Foods*, 740 N.W.2d at 195.

The district court found the Joneses took a position contrary to their present position at the time they requested the first sheriff's sale be set aside.  After we reversed the initial award of attorney fees and remanded, *Standard Water*, 888 N.W.2d at 679, the Joneses filed a motion to set aside the sheriff's sale which had occurred while the appeal was pending, stating, "Part of the basis of the execution on the Joneses' property was the attorney fee award," and, "In light of the appellate court vacating the attorney fee award, the execution and Sheriff's sale should likewise be set aside."  The district court found the Joneses' prior position was material to its decision to vacate the first sheriff's sale, where the court found:

> The court of appeals'[s] decision reversed a substantial amount of the judgment which precipitated the sheriff's sale.  Since the underlying judgment which made the sheriff's sale possible has been eliminated equity demands that the sheriff's sale which was authorized by the judgment should likewise be set aside until the court has the opportunity to address the court of appeals'[s] decision.  Standard [Water] will not be prejudiced by this action.

Although at the time the first sheriff's sale was vacated the court found Standard Water was not prejudiced by the court's decision, in ruling on the Joneses' claims concerning the second sheriff's sale, the court determined the vacation of the first sheriff's sale worked to the detriment of Standard Water.

The Joneses claim the doctrine of judicial estoppel should not be applied under the circumstances here because they never took an inconsistent position concerning their homestead rights.  The Joneses' argument the first sheriff's sale

should be set aside because we reversed part of the judgment on appeal was not an express waiver of their homestead rights. *See Mills Owners' Mut. Fire Ins. v. Petley*, 229 N.W. 736, 740 (Iowa 1930) ("Express waiver or relinquishment of the homestead was not made by said appellee. Implication alone is left to supply a waiver or relinquishment."). "The homestead right is a favorite of the law, and its surrender or waiver will not be presumed, nor will such intent be inferred from the use of words of a general and indefinite signification." *Id.* "Unless the language is plain and unmistakable, we should not conclude that the parties, through mere inference or uncertain implications, meant that a homestead right should be waived or relinquished." *Id.* at 741.

The district court's ruling on the issue of judicial estoppel was based on inferences and implications arising from the Joneses' arguments at the time they requested the first sheriff's sale be set aside. The statements made in the Joneses' motion to set aside the first sheriff's sale were not a plain, unmistakable, or express waiver of their homestead rights, and as such, were not sufficient to waive their homestead rights. *See id.* at 740–41. Because we find the Joneses never expressly waived their homestead rights in the prior proceedings in this case, we conclude their present position seeking to enforce their homestead rights is not precluded under the doctrine of judicial estoppel.

**B.** *Law of the Case Doctrine*

"The law-of-the-case doctrine 'represents the practice of courts to refuse to reconsider what has once been decided.'" *Brewer-Strong v. HNI Corp.*, 913 N.W.2d 235, 245–46 (Iowa 2018) (quoting *State v. Grosvenor*, 402 N.W.2d 402, 405 (Iowa 1987)). "[A] reviewing court's legal principles and views expressed

become binding throughout the case as it progresses, regardless of their accuracy." *Id.* at 246. Generally, the law of the case doctrine "applies only to issues raised and passed on in a prior appeal." *Lee v. State*, 874 N.W.2d 631, 646 (Iowa 2016). It may also apply, however, "to 'matters necessarily involved in the determination of a question' settled in a prior appeal for purposes of subsequent appeals." *Id.* (quoting *In re Lone Tree Cmty. Sch. Dist.*, 159 N.W.2d 522, 526 (Iowa 1968)).

The district court found the Joneses' claims were barred under the law of the case doctrine, finding:

> At no time prior to trial, after the court entered its findings of fact and conclusions of law or before the court entered judgment did the Jones[es] ever assert their homestead rights. In their appeal they did not challenge the court's judgment entry allowing the sheriff's sale to satisfy the entire money judgment which included not only the costs of the improvements but also attorney fees, interest and the costs of the action. Nor did they raise it at the time they requested that the court set aside the first sheriff's sale even though in their arguments to the court they were asserting that the house in question was their home.

Absent from the court's consideration is any reference to where the issue of the Joneses' homestead rights was previously raised and decided. "The doctrine applies 'only to those questions that were properly before us for consideration and passed on' and '[a] question not passed on is not included' under the doctrine." *Bahl v. City of Asbury*, 725 N.W.2d 317, 321 (Iowa 2006) (quoting *Lone Tree*, 159 N.W.2d at 526). Where, as here, the first appeal (and the second) did not address the applicability of a statute, the parties are free to litigate the issue in subsequent proceedings. *See Cawthorn v. Catholic Health Initiatives*

*Iowa Corp.*, 806 N.W.2d 282, 286 (Iowa 2011).  We conclude the Joneses' claims concerning their homestead rights are not barred by the law of the case doctrine.

**C.**   *Res Judicata*

The district court did not conduct an analysis of the case under the principles of res judicata, but stated, "In addition, the court adopts the court's position in *Francksen* where the court denied the defense based upon the principles of res judicata."  In *Francksen*, 297 N.W.2d at 376, a party did not assert his homestead rights when defending a foreclosure action.  In an appeal of a later forcible entry and detainer action, the Iowa Supreme Court stated:

> The record of the foreclosure suit shows defendant did not assert his homestead claim until after the sheriff's sale.  The trial court held the claim was untimely and refused to set the sale aside.  No appeal was taken from that adjudication.  Therefore, under *Dodd* [*v. Scott*, 46 N.W. 1057, 1058 (Iowa 1890),] defendant is precluded from raising a homestead defense in the present action, . . . . This is based on the principle of res judicata.

*Francksen*, 297 N.W.2d at 377.

We first note, "[a] judgment, once reversed or vacated, no longer has preclusive effect."  *Clarke Cty. Reservoir Comm'n v. Robins Revocable Tr.*, 862 N.W.2d 166, 177 (Iowa 2015).  Therefore, whether or not the Joneses raised their homestead claims prior to the first sheriff's sale, which was vacated, does not have a preclusive effect on whether they are barred by res judicata from raising the issue at the time of the second sheriff's sale.  Additionally, the Joneses raised their claims regarding their homestead rights prior to the second sheriff's sale, thereby making the claims timely under *Francksen*, 297 N.W.2d at 377.  We determine the Joneses are not precluded by the doctrine of res judicata from raising their homestead claims in the present action.

Once the court set aside the sale in 2016 and authorized a new sale after re-setting the allowable attorney fees, the Joneses were once again alerted in the notice of special execution of the right to assert the homestead exemption claim. The motion to vacate filed with the court prior to the 2017 sale can only be interpreted as an assertion of the homestead exemption; certainly there was no waiver at that time. We find the claim of homestead exemption is a claim that can be asserted in response to an execution and is not required in the underlying lawsuit. We conclude the Joneses' homestead rights were not waived because they were not asserted earlier in the proceedings.

On our de novo review, we conclude the district court abused its discretion by finding the Joneses waived their homestead rights. We affirm the district court's finding section 561.21(3) does not allow a homestead to be sold to recover attorney fees entered as part of a judgment against a home in an action to foreclose a mechanic's lien. We reverse the court's conclusion the Joneses waived their homestead rights and remand for further proceedings. Costs of this appeal are assessed to Standard Water.

**REVERSED AND REMANDED.**